| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | Priority ____<br>Send ____<br>Enter ____ |
| LA Superior Court<br>BC454985 | **CIVIL MINUTES - GENERAL** | Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 11-07744 SJO (MRWx)     **DATE:** November 28, 2011

**TITLE:** Silvia Avila v. Allegro Manufacturing, Inc.; Conair; Living Things Manufacturing Co.; John Dunkel; and Does 1 through 100, inclusive

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                         Not Present
Courtroom Clerk                        Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                               Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Conair Corporation's ("Conair") Notice of Removal ("Notice"), filed November 19, 2011. Plaintiff Silvia Avila ("Plaintiff") filed her Complaint in Los Angeles Superior Court on February 14, 2011. For the following reasons, the case is **REMANDED** to state court.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a resident of the County of Los Angeles and a citizen of California. (First Amended Complaint ("FAC") ¶ 1.) Conair is incorporated in the state of Delaware, and its principal place of business is in the city of East Windsor, New Jersey. (Notice ¶ 8.) Conair was erroneously sued as Allegro Manufacturing, Inc., Conair, and Living Things Manufacturing Co.[1] Defendant John Dunkel ("Dunkel") is a resident of the County of Los Angeles. (FAC ¶ 5.) Plaintiff alleges that Dunkel is an officer, shareholder, director, owner, president, principal, manager, supervisor, director of operations, managing agent, and employee of Conair. (FAC ¶ 5.) Plaintiff, a former employee of Conair, alleges the following causes of action: (1) pregnancy discrimination in violation of California Government Code ("CGC") section 12945; (2) pregnancy harassment in violation of CGC section 12945; (3) pregnancy retaliation in violation of CGC section 12945; (4) physical disability discrimination in violation of CGC section 12940; (5) physical disability discrimination in violation of CGC section 12940; (6) physical disability retaliation in violation of CGC section 12940; (7) violation of the California Family Rights Act, CGC section 12945.2; (8) sex

---

[1] Living Things Manufacturing Co. is not an existing business entity. Allegro manufacturing merged with Conair on September 30, 2010. Allegro, which is now a division of Conair, was formerly known as Living Things Manufacturing Co. (Conair's Statement Re: Other Named Defs. 2.)

| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 11-07744 SJO (MRWx)        **DATE:** November 28, 2011

discrimination in violation of CGC section 12940; (9) sex harassment in violation of CGC section 12940; (10) sex retaliation in violation of CGC section 12940; (11) perceived and/or association discrimination in violation of CGC section 12940; (12) perceived and/or association harassment in violation of CGC section 12940; (13) perceived and/or association retaliation in violation of CGC section 12940; (14) retaliation and wrongful termination in violation of public policy; and (15) violation of California Labor Code section 226. (*See generally* FAC.) Dunkel filed his Demurrer on April 25, 2011, and the Los Angeles Superior Court sustained Dunkel's Demurrer to Plaintiff's FAC without leave to amend on August 24, 2011. (Notice ¶¶ 3, 7.) In her FAC, Plaintiff alleges that she was "generally damaged in an amount within the jurisdictional limits of this [state] court." (FAC ¶ 27.) Conair removed the instant action on September 19, 2011, based solely on diversity jurisdiction.

II.     DISCUSSION

     A.     The Court Challenges Subject Matter Jurisdiction *Sua Sponte*

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether jurisdiction exists.

     B.     Legal Standard

It is well established that diversity of citizenship, as the basis of removal jurisdiction, must exist both when an action is filed in state court and when a defendant petitions for removal to federal court. 14A Wright, Miller & Cooper, Federal Practice and Procedure, § 3723 p. 312 (1985); *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 390 (1998). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quotation omitted).

For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1) (2006). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The removing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: **CV 11-07744 SJO (MRWx)**        DATE: **November 28, 2011**

party "need[s] to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Valdez*, 372 F.3d at 1117 (internal quotation marks omitted). Courts may consider facts "presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at time of removal.'" *Matheson*, 319 F.3d at 1090 (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

   1.   Removal Was Improper Under 28 U.S.C. § 1332

The "Voluntary-Involuntary" rule "requires that a suit remain in State court unless a 'voluntary act' of the plaintiff is what brings about a change that renders the case removable." *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978); *see Whitcomb v. Smithson*, 175 U.S. 635, 638 (1900) (remanding to State court because plaintiff did not voluntarily dismiss since a directed verdict was "adverse to the plaintiff, and without his assent."). The Ninth Circuit noted that it was ". . . obliged to follow the formalistic approach [of the voluntary-involuntary rule] adopted by the Supreme Court," despite an appearance of diversity. *Self*, 588 F.2d at 660. n.6.

Here, Conair has established that complete diversity existed at the time of removal. Conair was a Delaware corporation with its principal place of business in East Windsor, New Jersey, and Plaintiff was a California citizen. However, Conair has not established that complete diversity existed between Plaintiff and all defending parties at the time the action was filed in state court. Conair has failed to account for the citizenship of Dunkel. Plaintiff stated that Dunkel is "an individual residing in the County of Los Angeles, State of California." (FAC ¶ 5.) A person is a "citizen" of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* However, a person's residence can be prima facie evidence of citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Absent any evidence to the contrary, the Court finds Dunkel to be a citizen of California for purposes of diversity. Because Plaintiff and Dunkel are both California citizens, complete diversity did not exist at the time the action was filed in state court.

On August 24, 2011, the Los Angeles Superior Court sustained Dunkel's Demurrer to Plaintiff's FAC without leave to amend. (Notice ¶ 7.) Plaintiff did not voluntarily dismiss Dunkel, so this action may be removed to federal court under the exception to the voluntary-involuntary rule if Conair shows that: (1) Dunkel was fraudulently joined; and (2) the action is otherwise qualified for removal. Conair did not allege that Plaintiff terminated his state court action against Dunkel by a "voluntary act." Moreover, it appears from the record that Dunkel's dismissal was actually involuntary - Dunkel filed his Demurrer and the state court sustained his Demurrer. No facts suggest that Plaintiff dismissed Dunkel voluntarily. Further, Conair has not provided any basis for or even alleged fraudulent joinder or any other reason why Dunkel's citizenship should be disregarded for purposes of diversity. Because Plaintiff did not voluntarily dismiss Dunkel, and

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 11-07744 SJO (MRWx)          DATE: November 28, 2011

Conair has not shown that Dunkel was fraudulently joined, the Court finds that Conair has failed to meet its burden of establishing diversity jurisdiction.

        2.        Conair Has Failed to Prove the Requisite Amount in Controversy

In addition to Conair's failure to establish complete diversity, Conair has not established that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Here, the burden falls squarely on Conair because the amount in controversy is not facially evident from the FAC. (*See generally* FAC.) Plaintiff's FAC is devoid of monetary figures and general facts to infer an amount in controversy. (*See generally* FAC.) The Court, therefore, examines if "any summary-judgment-type evidence" exists to support proper removal. *Valdez*, 372 F.3d at 1117. The Court finds none.

Conair does not proffer any support through affidavits, oral testimony, or any evidence at all that the amount in controversy exceeds $75,000. Conair fails to offer Plaintiff's prior salary, benefits, or even length of employment. Conair offers only a simple, one-line statement that "Plaintiff asserts that it involves a dispute that exceeds $75,000." (Notice ¶ 14.) Conair does not cite to where Plaintiff makes such an assertion, and the Court did not find Plaintiff's alleged assertion in the FAC. The Ninth Circuit has held that "the district court has discretion to accept [an] admission as establishing [the amount in controversy]." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006). Even if Plaintiff had made such an assertion, the Court exercises its discretion and declines to accept Plaintiff's alleged statement as establishing the amount in controversy. Plaintiff's alleged admission standing alone, in the absence of other factual support, does not prove that, more likely than not, the amount in controversy exceeds $75,000.

Accordingly, the Court does not have proper subject matter jurisdiction.

III.       CONCLUSION

For the foregoing reasons, the Court **REMANDS** the instant action to Los Angeles Superior Court. This action shall close.

IT IS SO ORDERED.

Vpc